UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORY M. ISREAL,
Petitioner,

vs

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:13-cv-50

Bertelsman, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5). This matter is before the Court on respondent's motion to dismiss on the ground that the petition is time-barred under 28 U.S.C. § 2244(d). (Doc. 8). Although petitioner requested and was granted two extensions of time in which to file a response to the motion to dismiss, petitioner never filed such a pleading. (*See* Docs. 9-12). Because the extended deadline of July 22, 2013 for filing a response to the motion to dismiss has long since passed, this matter is now ripe for ruling.

I. PROCEDURAL HISTORY

**State Trial Proceedings**

In November 2009, the Butler County, Ohio, grand jury returned a twelve-count

indictment against petitioner and co-defendant Jad Holmes.[1] (Doc. 8, Ex. 1). Petitioner was charged with one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) with firearm specification (Count 7); one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1) with firearm specification (Count 8); two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A) with firearm specification (Counts 9-10); one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2) with firearm specification (Count 11); and one count of receiving stolen property in violation of Ohio Rev. Code § 2913.51(A) (Count 12). (*Id.*).

The matter proceeded to trial before a jury, which found petitioner guilty as charged. (*See id.*, Exs. 8-9). On July 13, 2010, the trial court issued a final judgment entry sentencing petitioner to an aggregate prison term of forty-three (43) years.[2] (*Id.*, Ex. 10).

### Direct Appeal: Ohio Court of Appeals

Petitioner's trial counsel filed a timely notice of appeal on petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District. (Doc. 8, Ex. 11). With the assistance of new counsel for appeal purposes, petitioner filed an appellate brief asserting the following assignments of error:

1. The State's evidence was insufficient to support convictions for kidnapping and

---

[1] It appears from the record that a separate indictment was returned against another co-defendant, Michael De'Onte Miles, stemming from the same incident. (*See* Doc. 8, Ex. 12). In August 2010, after petitioner was convicted and sentenced following a jury trial, co-defendant Holmes was convicted and sentenced to an aggregate prison term of twenty-four (24) years upon entry of a guilty plea to charges of aggravated robbery with firearm specification, aggravated burglary, kidnapping and rape. (*Id.*). Co-defendant Miles was convicted and sentenced to an aggregate prison term of thirty-one (31) years upon entry of a guilty plea to the same charges. (*Id.*).

[2] Specifically, petitioner was sentenced to the following consecutive terms of imprisonment: ten (10) years for the aggravated robbery offense charged in Count 7; three (3) years for the firearm specification attached to Count 7; ten (10) years for the aggravated burglary offense charged in Count 8; ten (10) years for the kidnapping offense charged in Count 9; and ten (10) years for the rape offense charged in Count 11. (Doc. 8, Ex. 11). The sentences imposed for the remaining offenses and firearm specifications were to be served concurrently with the sentence imposed for the underlying offense and firearm specification charged in Count 7. (*See id.*).

2

rape.

2. Appellant's federal and state constitutional rights to due process and a fair trial were violated by prosecutorial misconduct.

3. The trial court erred to the prejudice of Defendant-Appellant when it issued a sentence that is inconsistent with the sentences of the other co-defendants.

(*Id.*, Ex. 15).

On March 28, 2011, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 26).

### Motion For Delayed Appeal: Ohio Supreme Court

It appears from the record presented that petitioner did not take any further action to challenge his conviction or sentence in the state courts until March 6, 2012, when he filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court. (*See* Doc. 8, Exs. 27-28). In his delayed appeal motion, petitioner provided the following explanation as the sole justification for his inability to file a timely appeal from the March 28, 2011 direct appeal decision:

> I had a cellmate that went to segregation and the officer that packed up my former cellmate mistakenly packed also up my legal documents that I was about to file to the court and it took several days for me to obtain my legal documents and all my motions.

(*See id.*, Ex. 28).

On April 18, 2012, the Ohio Supreme Court denied petitioner's motion for delayed appeal and dismissed the cause without opinion. (*Id.*, Ex. 29).

### Federal Habeas Corpus Petition

The instant federal habeas action commenced on January 23, 2013, when petitioner's

3

motion for leave to proceed *in forma pauperis* was stamped as filed by the Court. (*See* Doc. 1). However, for statute of limitations purposes, it is presumed that petitioner's *pro se* habeas petition was filed on January 17, 2013, the date that petitioner claims he placed the pleading and accompanying *in forma pauperis* application in the prison mailing system for submission to this Court. (*See* Doc. 5, p. 15).[3] In the petition, petitioner alleges as grounds for relief the same three claims that he asserted as assignments of error on direct appeal to the Ohio Court of Appeals. (*Id.*, pp. 6, 7, 9-10).

In the motion to dismiss filed in response to the petition, respondent argues that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 8, Brief, pp. 11-17).

## II. RESPONDENT'S MOTION TO DISMISS (DOC. 8) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[3] The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988); *see also Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders*, 206 F. App'x 497, 499 n.1 (6th Cir. 2006). The rule applies in this case.

4

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The provision contained in 28 U.S.C. § 2244(d)(1)(A) applies to the three claims that are asserted as grounds for relief in the instant action. The alleged errors occurred during the trial proceedings and were raised as assignments of error on direct appeal to the Ohio Court of Appeals before petitioner's conviction became final within the meaning of that provision. Therefore, as respondent has argued in the motion to dismiss, the limitations period began to run under § 2244(d)(1)(A) when the challenged judgment of conviction and sentence was rendered "final" by the conclusion of direct review or the expiration of time for seeking such review.

Here, petitioner's conviction and sentence became final on May 12, 2011, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' March 23, 2011 decision affirming the trial court's final judgment entry of conviction and sentence. *See* Ohio S.Ct.Prac.R. 6.01(A)(1). Although petitioner tried to pursue a delayed appeal to the Ohio Supreme Court, it is well-settled that unsuccessful motions for leave to file a delayed appeal, such as the one filed by petitioner in this case, do not restart the running of the statute under § 2244(d)(1)(A), but rather only can serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Black v. Warden, Lebanon Corr. Inst.*, No. 1:12cv821, 2013 WL

5

3811774, at *5 (S.D. Ohio July 19, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2013 WL 4067818 (S.D. Ohio Aug. 12, 2013) (Black, J.); *Taher v. Warden, Warren Corr. Inst.*, No. 1:12cv400, 2013 WL 485789, at *6 (S.D. Ohio Feb. 6, 2013) (Litkovitz, M.J.) (Report & Recommendation), *adopted*, 2013 WL 811867 (S.D. Ohio Mar. 5, 2013) (Bertelsman, J.) (and numerous cases cited therein); *Sayles v. Warden, London Corr. Inst.*, No. 1:11cv524, 2012 WL 3527226, at *5 n.1 (S.D. Ohio July 17, 2012) (Wehrman, M.J.) (Report & Recommendation) (and numerous cases cited therein), *adopted*, 2012 WL 3527140 (S.D. Ohio Aug. 15, 2012) (Dlott, J.); *see also Applegarth v. Warden, North Cent. Corr. Inst.*, 377 F. App'x 448, 449-50 (6th Cir. 2010) (and Sixth Circuit cases cited therein). *Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court had adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired"). Therefore, the statute commenced running on May 13, 2011, one day after petitioner's conviction became final within the meaning of § 2244(d)(1)(A), and expired one year later absent application of statutory or equitable tolling principles.

During the one-year limitations period commencing on May 13, 2011, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo,* 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

In this case, the statute of limitations ran for 298 days before petitioner filed his motion for delayed appeal on March 6, 2012 with the Ohio Supreme Court. (*See* Doc. 8, Exs. 27-28). An argument can be made that petitioner's delayed appeal motion was not "properly filed" within the meaning of § 2244(d)(2) because the Ohio Supreme Court's unexplained entry denying petitioner leave to file a delayed appeal was presumably based on petitioner's failure "to demonstrate

7

adequate reasons for his failure to file a timely notice of appeal." *See Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004) (per curiam). The Sixth Circuit has indicated that such a ruling is a "procedural decision" by the state supreme court, which "would preclude tolling." *See Hall v. Warden, Lebanon Corr. Inst.,* No. 1:08cv75, 2009 WL 857979, at *3, *8 (S.D. Ohio Mar. 25, 2009) (Barrett, J.; Hogan, M.J.) (and cases cited therein) (quoting *DiCenzi v. Rose,* 452 F.3d 465, 469 (6th Cir. 2006), which in turn cited *Bonilla,* 370 F.3d at 497, as "distinguishing between the denial of a motion to file a delayed appeal in the Ohio Supreme Court, a state procedural decision that would preclude tolling, and the granting of the motion to file the appeal but subsequent dismissal on the jurisdictional merits of the case, a decision on the merits that would not preclude tolling"), *aff'd on other grounds*, 662 F.3d 745 (6th Cir. 2011), *cert. denied*, 133 S.Ct. 187 (2012); *see also Brown v. Ohio,* No. 5:11cv162, 2011 WL 6012428, at *3 n.5 (N.D. Ohio Nov. 8, 2011) (noting that under *DiCenzi* and *Bonilla*, the "statute of limitations is not tolled by a motion for delayed appeal in the Ohio Supreme Court unless that court grants the motion"), *adopted*, 2011 WL 6019181 (N.D. Ohio Dec. 1, 2011). *Cf. Black, supra,* 2013 WL 3811774, at *6 (involving denial of motion for delayed appeal to Ohio Supreme Court); *Taher, supra*, 2013 WL 485789, at *7 (same); *Howard v. Warden, Lebanon Corr. Inst.*, No. 1:11cv4, 2011 WL 2940389, at *4 (S.D. Ohio June 27, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 2848211 (S.D. Ohio July 19, 2011) (Beckwith, J.) (involving denial of delayed reopening application).

Nevertheless, in light of Sixth Circuit precedents, which have not been overruled and which hold that delayed appeal motions serve to toll unexpired limitations periods, *see, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011) (per curiam), the undersigned will assume in petitioner's favor that the one-

year statute of limitations was tolled during the pendency of the delayed appeal motion before the Ohio Supreme Court. The limitations period was tolled from March 6, 2012 through April 18, 2012, when the Ohio Supreme Court issued its final ruling denying petitioner leave to file a delayed appeal. (*See* Doc. 8, Ex. 29). Under 28 U.S.C. § 2244(d)(2), the tolling period does not include the ninety days in which a petitioner could have sought certiorari review in the United States Supreme Court. *See Lawrence v. Florida,* 549 U.S. 327, 333-34 (2007). Therefore, the statute commenced running again on April 19, 2012, one day after the Ohio Supreme Court issued its decision, and expired 67 days later on or about June 25, 2012, absent any further tolling of the limitations period.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied,* 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary

9

circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief prior to the expiration of the limitations period on June 25, 2012. Nor has petitioner demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *McQuiggin v. Perkins,* __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). Petitioner has presented no new evidence to support an actual innocence claim. Although he has challenged the sufficiency of evidence supporting his rape and kidnapping convictions, actual innocence means factual innocence, not mere legal insufficiency. *House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *Wright v. Lazaroff,* 643 F. Supp.2d 971, 989 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011).

Accordingly, in sum, the undersigned concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), the statute of limitations commenced running on May 13, 2011, one day after the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the

Ohio Court of Appeals' March 28, 2011 direct appeal decision. Assuming in petitioner's favor that the statute was tolled while petitioner's motion for leave to file a delayed appeal was pending before the Ohio Supreme Court from March 6, 2012 through April 18, 2012, the statute began to run again on April 19, 2012 and expired on or about June 25, 2012. Neither statutory nor equitable tolling principles apply to further extend the limitations period or otherwise avoid the statute of limitations bar to review in this case. Therefore, respondent's motion to dismiss (Doc. 8) should be **GRANTED** on the ground that the instant habeas corpus petition, filed on January 17, 2013, nearly seven months after the statute of limitations had run its course, is time-barred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

11

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 10/28/13

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CORY M. ISREAL,
    Petitioner,

vs

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-50

Bertelsman, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

13

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Cory Isreal #635-307
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( *Printed Name* )    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7011 3500 0001 5345 9572

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540